UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. VERBICK, an individual,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE MOVEMENT TECHNOLOGY COMPANY, INC., a Washington corporation; PREDICTUV TECHNOLOGIES, INC., a Delaware corporation; PREDICTUV LLC, a Delaware limited liability company; KELVIN HILL, an individual; ZSOLT CSENDE, an individual; VIVIEN SZAKACS, an individual; CHRISTOPHER KEIL, an individual; NIALL LAWLOR, an individual; GERRY LAWLOR, an individual; ROB GRINNELL, an individual; and DOES 1 to 100,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-CV-611 TWR (DEB)<br><br>**ORDER (1) VACATING HEARING AND TAKING MATTERS UNDER SUBMISSION WITHOUT ORAL ARGUMENT AND (2) GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>(ECF No. 35) |

Presently before the Court is Counsel Craig P. Alexander's Motion to Withdraw as Counsel of Record for Specially Appearing Defendants, The Movement Technology Company, Inc., Vivien Szakacs, Kelvin Hill, Christopher Kiel, Predictuv LLC, and

Predictuv Technologies, Inc. ("Mot.," ECF No. 35).  Specially Appearing Defendants have not filed any Oppositions to the Motion.  The Court **VACATES** the hearing set for December 16, 2020 and takes the matters under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).  After considering Mr. Alexander's arguments and the law, the Court **GRANTS** the Motion to Withdraw as Counsel of Record as to the Specially Appearing Defendants, Christopher Kiel, Predictuv LLC, and Predictuv Technologies, Inc.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."  *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3).  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Leatt Corp. v. Innovative Safety Tech.*, LLC, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing Beard, 2008 WL 410694, at *2).  Pursuant to Civil Local Rule 83.3(f)(3), a motion to withdraw as counsel must be served on the adverse parties and the moving counsel's client.

Mr. Alexander requests withdrawal as counsel of record for the Specially Appearing Defendants because of their failure to pay attorney's fees and to communicate with Mr. Alexander.  (*See generally* Mot.)  Mr. Alexander also requests the Motion to be granted only as to Christopher Kiel, Predictuv LLC, and Predictuv Technologies, Inc. (collectively, the "remaining Specially Appearing Defendants"), if by the time the Motion is heard, the Court has granted the Motion to Substitute Counsel for The Movement Technology Company, Inc., Vivien Szakacs, and Kelvin Hill.  (*See* Mot. at 5.)  On September 24, 2020, Judge Battaglia granted the Motion to Substitute Counsel for The Movement Technology Company, Inc., Vivien Szakacs, and Kelvin Hill.  (ECF No. 40.)  Accordingly, the Motion is moot as to Movement Technology Company, Inc., Vivien Szakacs, and Kelvin Hill.  The

Court therefore considers the Motion only as to the remaining Specially Appearing Defendants.

Upon consideration of the relevant factors, the Court concludes that good cause exists to allow Mr. Alexander to withdraw as counsel for the remaining Specially Appearing Defendants. The Court finds that there is no basis for prejudice to the remaining Specially Appearing Defendants or to the other litigants, for harm to the administration of justice, or for delay to the resolution of the case. Mr. Alexander has also complied with the requirements of Civil Local Rule 83.3(f)(3) by providing notice of his intent to withdraw as counsel, (*see* Decl. of Craig P. Alexander, ECF No. 35-1 at ¶ 22–23), and serving a copy of the Motion on both the remaining Specially Appearing Defendants and Plaintiff. (*See id.* at 25; *see also* Mot. at 35-1.)

Consequently, good cause appearing, the Court **GRANTS** the Motion as to the remaining Specially Appearing Defendants, Christopher Kiel, Predictuv LLC, and Predictuv Technologies, Inc. Mr. Alexander **SHALL** wait a period of fourteen (14) days from the electronic docketing of this Order to allow time for the remaining Specially Appearing Defendants to retain new counsel. Should Mr. Christopher Kiel fail to obtain new counsel within fourteen (14) days from the electronic docketing of this Order, the Court **SHALL DEEM** him as proceeding pro se. The Court warns Predictuv LLC and Predictuv Technologies, Inc. that they may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3. The clerk **SHALL** update the docket to reflect withdrawal of Craig P. Alexander after <u>fourteen (14) days from the electronic docketing of this Order.</u>

**IT IS SO ORDERED.**

Dated: December 8, 2020

_____
Honorable Todd W. Robinson
United States District Court