UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. VERBICK, an individual,<br><br>                          Plaintiff,<br><br>v.<br><br>THE MOVEMENT TECHNOLOGY COMPANY, INC., a Washington corporation; PREDICTUV TECHNOLOGIES, INC., a Delaware corporation; PREDICTUV LLC, a Delaware limited liability company; KELVIN HILL, an individual; ZSOLT CSENDE, an individual; VIVIEN SZAKACS, an individual; CHRISTOPHER KEIL, an individual; NIALL LAWLOR, an individual; GERRY LAWLOR, an individual; ROB GRINNELL, an individual; and DOES 1 to 100,<br><br>                         Defendants. | Case No.: 20-CV-611 TWR (DEB)<br><br>**ORDER (1) TAKING MATTER UNDER SUBMISSION WITHOUT ORAL ARGUMENT;**<br>**(2) GRANTING DEFENDANT THE MOVEMENT COMPANY, INC.'S MOTION TO DISMISS WITH PREJUDICE; AND**<br>**(3) FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS PREDICTUV TECHNOLOGIES, INC. AND PREDICTUV LLC SHOULD NOT BE DISMISSED PURSUANT TO CIVIL LOCAL RULES 41.1(a) AND 55.1**<br><br>(ECF No. 65) |

      Presently before the Court is Defendant The Movement Technology Company, Inc.'s ("TMC") Motion to Dismiss Plaintiff Todd E. Verbick's Second Amended Complaint. ("Mot.," ECF No. 65.) The Court takes this matter under submission without

oral argument pursuant to Civil Local Rule 7.1(d)(1).[1]  Having carefully considered the parties' arguments, Plaintiff's Second Amended Complaint ("SAC," ECF No. 63), and the relevant law, the Court **GRANTS WITH PREJUDICE** Defendant's Motion.  The Court also **ORDERS** Plaintiff **TO SHOW CAUSE** why this action should not be dismissed as to Defendants Predictuv Technologies, Inc. and Predictuv LLC pursuant to Civil Local Rules 41.1(a) and 55.1.

## BACKGROUND

The Court incorporates the factual and procedural background from the Court's November 19, 2021, Order (1) Granting Motion to Dismiss First Amended Complaint, and (2) Dismissing Without Prejudice Plaintiff's First Amended Complaint.  (*See* ECF No. 62 at 2–4.)

## LEGAL STANDARD

"A Court's power to exercise jurisdiction over a party is limited by both statutory and constitutional considerations." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1135 (S.D. Cal. 2018).  Constitutionally, "[t]he Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  Statutorily, "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also* Cal. Civ. Proc. Code § 410.10.

The Supreme Court has recognized "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-

---

[1] Plaintiff contends that he was "forced to wait almost a year from the time of [Defendants' April 2020] jurisdictional challenge to Plaintiff's original Complaint for a ruling[,]" which was issued on March 25, 2021.  (*See* ECF No. 66 ("Opp'n") at 2; *see also id.* at 7.)  Plaintiff, however, fails to take into consideration that this case—along with over 200 others—was not transferred to the undersigned until October 6, 2020.  (*See* ECF No. 41.)  The Court also notes that Plaintiff's lack of compliance with this District's Civil Local Rules and the undersigned's Standing Order for Civil Cases has delayed the Court's ability to rule on the instant Motion.

linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. ___, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear*, 564 U.S. at 924). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* (emphasis in original) (citing *Goodyear*, 564 U.S. at 919).

For a court to exercise specific jurisdiction, by contrast, "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Id.* (alterations and emphasis in original) (quoting *Daimler*, 571 U.S. at 127 (2014)) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (alteration in original) (quoting *Goodyear*, 564 U.S. at 919). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919).

## ANALYSIS

TMC moves to dismiss Plaintiff's Second Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). (*See* Mot. at 1.) Alternatively, TMC requests transfer of this action to the Western District of Washington pursuant to the provisions in the disputed contract and 28 U.S.C. sections 1406 and 1631. (*See id.*) Plaintiff opposes both requests, asserting that TMC is subject to personal jurisdiction due to it "actively selling convertible securities and seeking high level investors to purchase TMC in California." (*See* Opp'n at 5.)

/ / /

/ / /

## I. Personal Jurisdiction

For the reasons discussed previously, (*see* ECF Nos. 48, 62), Plaintiff again fails to establish personal jurisdiction over Defendant TMC. The redline of the Second Amended Complaint, as compared to the First Amended Complaint, indicates that most of Plaintiff's "amendments" were decapitalizing Defendants' names. (*Compare* ECF No. 70 (redline of SAC), *with* ECF No. 49 (FAC).) The only substantive addition that touches the jurisdictional analysis is Plaintiff's allegation he was also in attendance at the 2017 San Diego meeting with Dean Graziano. (*See* SAC ¶ 24.) This fact, however, does not impact the Court's analysis.

The Court previously found that the nexus between the San Diego meeting and Plaintiff's purchase of the convertible security was "too attenuated to find that the underlying alleged harm in the instant case arose from TMC's actions at the initial meeting." (*See* ECF No. 62 at 9.) The Court noted in a footnote that the Plaintiff's absence from the meeting simply "*further* demonstrat[ed] the attenuation," (*id.* (emphasis added)), i.e., it was not the sole, or even main, factor in the Court's finding that jurisdiction does not exist. Thus, the Court again **DISMISSES**, this time **WITH PREJUDICE**, Plaintiff's Second Amended Complaint against Defendant TMC for lack of personal jurisdiction.

## II. Transfer of Venue

Defendant TMC contends that the Western District of Washington "has personal jurisdiction over TMC and would be a more appropriate venue for the action." (Mot. at 8.) Plaintiff opposes the transfer, but states that if "any relief is warranted it is only an order transferring the venue of the case." (*See* Opp'n at 3–4.) In light of its dismissal of this action as to Defendant TMC, *see supra* Section I, the Court **DENIES AS MOOT** TMC's alternative request for transfer of venue to the Western District of Washington.

## III. Breach of Contract

Although the Court has dismissed Defendant TMC, which does not seek to dismiss Plaintiff's breach of contract claim, the Court briefly addresses the claim solely to correct an error in Plaintiff's Opposition. Plaintiff claims that the Court found in its prior dismissal

order, (*see* ECF No. 62), that "Plaintiff's Breach of Contract cause of action could only be maintained against TMC because it is the only party to the Convertible Security Agreement." (*See* Opp'n at 8.) Further, Plaintiff contends that the Court found the breach of contract cause of action against TMC to be viable. (*See id.* at 3.)

The Court, however, made no such findings. TMC did not move to dismiss the breach of contract claim. (*See* ECF No. 52 at 7.) Instead, Defendants asserted only that the "Individual Defendants Should be Dismissed From the First Cause of Action for Breach of Contract." (*Id.*) Because the issue was never briefed, and thus never ruled upon, it is inappropriate for Plaintiff to interpret the lack of dismissal against TMC as any affirmative finding by the Court.

### IV. Attorneys' Fees and Costs

Defendant TMC requests that, should the Court grant the instant Motion, the Court "entertain a separate attorneys' fees and costs motion pursuant to the terms of the contract, namely Paragraph 5(d) of the Convertible Security Agreements." (*See* Mot. at 8.) This language indicates that Defendant TMC plans to file an independent motion pursuant to Federal Rule of Civil Procedure 54(d).[2] Therefore, the Court **RESERVES** ruling on the fee issue until the requisite motion is filed.

/ / /

---

[2] Federal Rule of Civil Procedure 54(d), regarding attorneys' fees, states in relevant part:

> **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion . . . .
>
> **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>
> > **(i)** be filed no later than 14 days after the entry of judgment;
> >
> > **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
> >
> > **(iii)** state the amount sought or provide a fair estimate of it; and
> >
> > **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

## ORDER TO SHOW CAUSE

Southern District of California Civil Local Rule 55.1 states: "If plaintiff(s) fail(s) to move for default judgment within thirty (30) days of the entry of a default, the Clerk will prepare, with notice, an order to show cause why the complaint against the defaulted party should not be dismissed." Further, "[a]ctions or proceedings [that] have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the Court for want of prosecution." S.D. Cal. CivLR 41.1(a); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting.").

On September 2, 2021, Plaintiff filed requests for entry of clerk default against Predictuv Technologies, Inc. and Predictuv LLC, (*see* ECF Nos. 55, 56), and the Clerk of the Court entered default against both parties on September 8, 2021. (*See* ECF No. 57.) Although Plaintiff states that he "intends to pursue default judgment against both parties," (*see* Opp'n at 3), Plaintiff has taken no action—including moving for default judgment—against Defendants Predictuv Technologies, Inc. and Predictuv LLC for over six months. (*See generally* Docket.) Therefore, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within fourteen (14) days of the date this Order is docketed why the Complaint against Predictuv Technologies, Inc. and Predictuv LLC should not be dismissed pursuant to Civil Local Rules 41.1(a) and 55.1.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant TMC's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's Second Amended Complaint as to Defendant TMC for lack of personal jurisdiction. Accordingly, the Court **DENIES AS MOOT** Defendant's alternative request to transfer venue. Finally, the Court **ORDERS** Plaintiff **TO SHOW CAUSE** within fourteen (14) days of the electronic docketing of this

1  Order why Defendants Predictuv Technologies, Inc. and Predictuv LLC should not be
2  dismissed pursuant to Civil Local Rules 41.1(a) and 55.1.
3      **IT IS SO ORDERED.**
4  Dated: May 10, 2022

Honorable Todd W. Robinson
United States District Judge