UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. VERBICK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE MOVEMENT TECHNOLOGY COMPANY, INC., a Washington corporation; PREDICTUV TECHNOLOGIES, INC., a Delaware corporation; PREDICTUV LLC, a Delaware limited liability company; KELVIN HILL, an individual; ZSOLT CSENDE, an individual; VIVIEN SZAKACS, an individual; CHRISTOPHER KEIL, an individual; NIALL LAWLOR, an individual; GERRY LAWLOR, an individual; ROB GRINNELL, an individual; BRANDON MCCOY, an individual; and DOES 1 to 100, inclusive,<br><br>                                    Defendants. | Case No.: 20-CV-611 TWR (DEB)<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE; (2) DISMISSING REMAINING DEFENDANTS WITHOUT PREJUDICE; AND (3) VACATING ENTRY OF DEFAULT AGAINST DEFENDANTS KEIL; PREDICTUV TECHNOLOGIES, INC.; AND PREDICTUV LLC; AND (4) GRANTING PLAINTIFF LEAVE TO FILE AND SERVE THIRD AMENDED COMPLAINT**<br><br>(ECF Nos. 79, 81, 84, 86) |

On August 11, 2022, the Court ordered Plaintiff Todd E. Verbick to show cause why the Court should not dismiss Remaining Defendants Keil; N. Lawlor; G. Lawlor; Grinnell;

1

McCoy; Predictuv Technologies, Inc.; and Predictuv LLC for failure to timely effect service of process pursuant to Federal Rules of Civil Procedure 4 and 5. (ECF No. 79, "OSC.")  Presently before the Court is Plaintiff Todd E. Verbick's Response to that Order to Show Cause. (ECF No. 81, "Resp.")  Having carefully considered Plaintiff's arguments and the law, the Court (1) **DISCHARGES** the Order to Show Cause; (2) **DISMISSES WITHOUT PREJUDICE** Plaintiff's action against the Remaining Defendants, (3) **VACATES** the entries of default against Defendants Keil; Predictuv Technologies, Inc.; and Predictuv LLC; and (4) **GRANTS** Plaintiff twenty-one (21) days from the date of the electronic docketing of this Order to file and properly serve a Third Amended Complaint.

## BACKGROUND

### I.      Factual and Procedural Background

The Court incorporates the factual and procedural background from the Court's November 19, 2021 Order (1) Granting Motion to Dismiss First Amended Complaint, and (2) Dismissing Without Prejudice Plaintiff's First Amended Complaint. (*See* ECF No. 62 at 2–4.)  In addition, after the Court dismissed Plaintiff's First Amended Complaint, Plaintiff electronically filed a Second Amended Complaint in December 2021.[1]  (*See* ECF No. 63.)  The Court subsequently dismissed one of the Defendants—The Movement Company Inc.—with prejudice, leaving Defendants Keil; N. Lawlor; G. Lawlor; Grinnell; McCoy; Predictuv Technologies, Inc.; and Predictuv LLC as the only remaining Defendants. (*See* ECF No. 72.)  The Court then ordered Plaintiff to show cause why those remaining Defendants should not be dismissed for failure to properly effect service of either the original Complaint or the Second Amended Complaint. (*See* OSC at 10–11.)

### II.     Failure to Effect Service on Defendants N. Lawlor, Grinnell, G. Lawlor, and McCoy

Plaintiff concedes that he never properly served Defendants Niall Lawlor, Rob

---

[1]      Plaintiff did not include three prior Defendants (Defendants Kelvin Hill, Zsolt Csende, and Vivien Szakacs) in the Second Amended Complaint. (*See* ECF No. 63.)

Grinnell, Gerry Lawlor, and Brandon McCoy. (*See* Resp. at 3–4.) Plaintiff additionally never requested that the Court grant permission for a substitute method of service when he was unable to effectuate service or could not obtain the whereabouts of a Defendant. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's action against Defendants N. Lawlor, Grinnell, G. Lawlor, and McCoy for failure to effect service. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4].").

## III. Failure to Effect Service on Defendant Keil

Plaintiff contends that he properly effected service of the "original Summons and Complaint" on Defendant Keil. (*See* Resp. at 3.) The Court, however, already granted Keil's motion to dismiss the original Complaint for "insufficient process." (*See* ECF No. 48 at 18.) The Court instructed Plaintiff that, "[s]hould [he] amend his Complaint, Plaintiff must serve Ms. Szakacs and Mr. Keil in conformity with Rule 4." (*Id.*) A response to an order to show cause is not a proper motion for reconsideration, and Plaintiff did not previously request that the Court reconsider its order. *See* S.D. Cal. CivLR 7.1(i) (generally requiring applications for reconsideration to be filed "within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered").

Accordingly, despite Plaintiff's attempt to relitigate a settled issue, service of the initial Complaint on Keil was insufficient. There is no evidence of subsequent proper service of the First or Second Amended Complaint on Defendant Keil,[2] and thus the Court **DISMISSES WITHOUT PREJUDICE** this action against Defendant Keil. The Court

---

[2] Plaintiff provides a Proof of Service stating he served the First and Second Amended Complaints on Defendant Keil in August 2022. (ECF No. 81-2 at 12–14.) For the same reasons discussed below, *see infra* Section IV, and the fact that Plaintiff never properly served the original Complaint under Federal Rule of Civil Procedure 4, neither the First or Second Amended Complaint were properly served. *See Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-901589-CW (DMR), 2010 WL 2219595, at *3 n. 6 (N.D. Cal. June 2, 2010) ("[S]ervice of an amended complaint under [Rule 5] is permitted *if the original complaint was properly served* and the defendant has made an appearance in the action." (emphasis added and omitted)).

also **VACATES** the entry of default against Defendant Keil.  (ECF No. 86.)  Finally, the Court **DISCHARGES** the Order to Show Cause requiring Defendant Keil to explain why default should not be entered against him for failure to prosecute and advise the Court of his current address because dismissal of Defendant Keil renders that Order moot.  (OSC at 12.)

## IV.  Failure to Effect Service on Defendants Predictuv Technologies, Inc. and Predictuv LLC

Plaintiff contends he properly served the original Summons and Complaint on Predictuv Technologies, Inc. and Predictuv LLC (the "Predictuv entities").  (Resp. at 2.)  Plaintiff's response to the Court's Order to Show Cause, however, is silent as to whether Plaintiff properly served the Second Amended Complaint on the Predictuv entities under Federal Rule of Civil Procedure 5.

As to service of the original Complaint, Plaintiff has provided proof of service showing he personally served the Predictuv entities on February 27, 2020, through an alleged agent of the entities in accordance with Federal Rule of Civil Procedure 4 and California Code of Civil Procedure section 416.10.  (ECF No. 56 at 13–14, 16–17.)  In addition, the Predictuv entities moved to dismiss the original Complaint and, in doing so, initially included an argument that service of process was insufficient.  (ECF No. 7 at 10–11.)  But later these Defendants withdrew that argument.  (ECF No. 19.)  By withdrawing that argument and continuing with their motion to dismiss, the Predictuv entities waived any argument that service of the original Complaint was insufficient.  *See* Fed. R. Civ. P. 12(h)(1); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."); *Rector v. Scott*, No. LA CV 13–03116–VBF–SS, 2014 WL 580158, at *1–2 (C.D. Cal. Feb. 11, 2014) (explaining that defendant must raise insufficient service of process defensive in first responsive pleading to avoid waiving the defense).  The Court is thus satisfied that no issue remains concerning service of the original Complaint

on the Predictuv entities.

The same is not true for service of the Second Amended Complaint.  Federal Rule of Civil Procedure 5 governs "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants." *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) (citing Fed. R. Civ. P. 5(a)).  An amended complaint is a "subsequent" pleading and thus falls under Rule 5's purview.  *Id.*  Rule 5 permits service by "sending [the document] to a registered user by filing it with the court's electronic-filing system."  Fed. R. Civ. P. 5(b)(E).  But the Court granted the Predictuv entities' counsel's motion to withdraw as the attorney of record in December 2020, (*see* ECF No. 46), so those Defendants were proceeding pro se at the time Plaintiff filed his Second Amended Complaint (*see generally* ECF No. 63).  Because they were not registered users of the CM/ECF filing system, service needed to be made via another method prescribed by Rule 5, such as hand delivery, mail, or leaving it at the Defendants' places of work.  Fed. R. Civ. P. 5(b)(2).

Plaintiff attached a Proof of Service Certificate to the Second Amended Complaint indicating that he served Defendant The Movement Technology Company, but the Proof of Service did not indicate that he had served any other Defendant.  (ECF No. 63-1 at 1–2.)  Plaintiff did attach to his Response to the Order to Show Cause a Declaration regarding Proof of Service, stating he served the Second Amended Complaint on the Predictuv entities via mail on August 23, 2022.  (ECF No. 81-2 at 15–17.)  But that Proof of Service postdates the Court's Order to Show Cause, and service on the Predictuv Defendants in August 2022 for an amended complaint filed in December 2021 is woefully untimely.  (*See generally* OSC; ECF No. 81-2 at 15–17); *see also* Fed. R. Civ. P. 5(d)(1)(B) ("[I]f the [amended complaint] is filed, a certificate of service must be filed with it or within a reasonable time after service.").  There is no suggestion in Rule 5 or elsewhere that service over 260 days after the filing of an amended complaint is allowed.  Even using the standard rules for service of process of an original complaint under Federal Rule of Civil Procedure 4(m), Plaintiff's service of his Second Amended Complaint was over 170 days

1  late.  Plaintiff has also provided no argument or evidence that he had good cause for such
2  a delay.

3          With no evidence of proper service of the Second Amended Complaint on the
4  Predictuv entities, the Court **DISMISSES WITHOUT PREJUDICE** this action against
5  Defendants Predictuv Technologies, Inc. and Predictuv LLC.  The Court also **VACATES**
6  the entry of default against the Predictuv entities.  (ECF No. 84.)  Furthermore, the Court
7  **DISCHARGES** the Order to Show Cause requiring the Predictuv entities to obtain counsel
8  since dismissal of those Defendants renders that Order moot.  (OSC at 9.)

9                                    **CONCLUSION**

10          In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE**
11  Defendants N. Lawlor; Grinnell; G. Lawlor; McCoy; Keil; Predictuv Technologies, Inc.;
12  and Predictuv LLC.  The Court also **VACATES** the entry of default against Defendants
13  Keil; Predictuv Technologies, Inc.; and Predictuv LLC.  Finally, the Court **DISCHARGES**
14  its Orders to Show Cause relating to Defendants Keil; Predictuv Technologies, Inc.; and
15  Predictuv LLC.  Plaintiff **MAY FILE** and **PROPERLY SERVE** a Third Amended
16  Complaint within twenty-one (21) days of the electronic docketing of this Order.  Any
17  properly named and served Defendants will then have fourteen (14) days from the date of
18  service of any timely Third Amended Complaint to respond.  *Should Plaintiff fail to timely*
19  *file and serve an amended complaint, this action will remain dismissed without prejudice.*

20          **IT IS SO ORDERED.**

21  Dated:  November 15, 2022

22

23                                        Honorable Todd W. Robinson
                                          United States District Judge
24

25

26

27

28