UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. VERBICK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>THE MOVEMENT TECHNOLOGY COMPANY, INC., a Washington corporation; PREDICTUV TECHNOLOGIES, INC., a Delaware corporation; PREDICTUV LLC, a Delaware limited liability company; KELVIN HILL, an individual; ZSOLT CSENDE, an individual; VIVIEN SZAKACS, an individual; CHRISTOPHER KEIL, an individual; NIALL LAWLOR, an individual; GERRY LAWLOR, an individual; ROB GRINNELL, an individual; BRANDON MCCOY, an individual; and DOES 1 to 100, inclusive,<br><br>                                    Defendants. | Case No.: 20-CV-611 TWR (DEB)<br><br>**ORDER REQUESTING ADDITIONAL SUPPLEMENTAL BRIEFING**<br><br>(ECF No. 115) |

On March 9, 2023, the Court held a hearing on the Motion for Attorneys' Fees filed by Defendants The Movement Technology Company, Inc., Kelvin Hill, and Zsolt Csende. (*See* ECF Nos. 91, 110.) During the hearing, the Court gave the Parties seven days to file

1

supplemental briefing on three issues: (1) Plaintiff's argument that Defendants failed to meet and confer with Plaintiff before filing the Motion for Attorneys' Fees; (2) Defendants' assertion that they incurred Mr. Craig Alexander's legal fees; and (3) Defendants' request for attorneys' fees based on work performed by attorneys and support staff at Garcia Hong Law APC besides Ms. Valerie Hong. (*See* ECF No. 110.) The Court also gave the Parties seven days to respond to the other side's supplemental briefing, but did not permit supplemental reply briefs. (*Id.*)

In Plaintiff's Response to Defendants' Supplemental Brief, Plaintiff added an additional argument in opposition to Defendants Hill and Csende's part of the Motion for Attorneys' Fees. (*See* ECF No. 115 at 6, 8.) Plaintiff argues for the first time,[1] and outside the scope of the allowed supplemental briefing, that, under Washington law, because Defendants Hill and Csende were not parties to the contract upon which Defendants' attorneys' fees claim is based, they must show they actually incurred Ms. Hong's fees in order to recover any fees. (*Id.*) Plaintiff argues Defendants Hill and Csende presented no evidence that they incurred or paid the fees Ms. Hong seeks to recover. (*Id.*)

The Court could deem this argument not properly before it because Plaintiff raised it for the first time in his Response to Defendants' supplemental briefing and because it is outside the original scope of the allowed supplemental briefing.[2] The Court, instead, elects to allow Defendants to respond to this argument so that the Court can reach its merits. Accordingly, Defendants Hill and Csende **MAY FILE** additional supplemental briefing limited to responding to Plaintiff's new argument as described above <u>on or before May 9, 2023</u>.

///

---

[1] Plaintiff did not raise this argument in his original Opposition to Defendants' Motion for Attorneys' Fees or at the hearing on the Motion.

[2] Because Defendants did not address this issue in their supplemental briefing, (*see* ECF Nos. 111, 111-1), it cannot be said that this new argument was a response to Defendants' supplemental briefing.

*If Defendants Hill and Csende decide not to file additional supplemental briefing, the Court will assume Defendants agree with Plaintiff's additional argument.*

**IT IS SO ORDERED.**

Dated:  May 2, 2023

_____
Honorable Todd W. Robinson
United States District Judge