UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD E. VERBICK, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>THE MOVEMENT TECHNOLOGY COMPANY, INC., a Washington corporation; PREDICTUV TECHNOLOGIES, INC., a Delaware corporation; PREDICTUV LLC, a Delaware limited liability company; KELVIN HILL, an individual; ZSOLT CSENDE, an individual; VIVIEN SZAKACS, an individual; CHRISTOPHER KEIL, an individual; NIALL LAWLOR, an individual; GERRY LAWLOR, an individual; ROB GRINNELL, an individual; BRANDON MCCOY, an individual; and DOES 1 to 100, inclusive,<br><br>                              Defendants. | Case No.: 20-CV-611 TWR (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES**<br><br>(ECF No. 91) |

      Presently before the Court is Defendants The Movement Technology Company, Inc. ("TMC"), Kelvin Hill, and Zsolt Csende's Motion for Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1927 (ECF No. 91, "Mot."), along with

Plaintiff Todd E. Verbick's Opposition to (ECF No. 97, "Opp'n") and Defendants' Reply in Support of (ECF No. 101, "Reply") the Motion. The Court held a hearing on March 9, 2023. (*See* ECF No. 110.) Thereafter, the Court gave the Parties the opportunity to file supplemental briefing. (*See* ECF Nos. 110, 125.) As a result, the following are also presently before the Court: (1) the Supplemental Declaration of Valerie Hong in Support of Defendants' Motion for Attorneys' Fees (ECF No. 111, "Hong Suppl. Decl."); (2) the Supplemental Declaration of Kelvin Hill in Support of Defendants' Motion for Attorneys' Fees (ECF No. 111-1, "Hill Suppl. Decl."); (3) Plaintiff's Response to Defendants' Supplemental Brief in Support of Defendants' Motion for Attorney Fees (ECF No. 115, "Resp. to Suppl. Decls."); (4) Plaintiff's Supplemental Brief in Opposition to Defendants' Motion for Attorney Fees (ECF No. 114, "Pl.'s Suppl. Brief"); and (5) Defendants' Response to the Court's Order Requesting Additional Supplemental Briefing (ECF No. 126). Having carefully considered the Parties' arguments, the relevant documents, and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Attorneys' Fees.

## BACKGROUND

The Court incorporates the factual and procedural background from the Court's November 19, 2021 Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 62 ("2021 Order") at 2–4) and from the Court's May 10, 2022 Order Granting TMC's Motion to Dismiss with Prejudice (ECF No. 72 ("2022 Order") at 2–4.[1])

To reiterate briefly, Plaintiff brought this action against various Defendants including TMC, Kelvin Hill, and Zsolt Csende for breach of contract, breach of fiduciary duty, and fraud stemming from a convertible security Plaintiff bought from TMC for $25,000. (2021 Order at 2–3; *see* ECF No. 63 at 28–37 ("SAC Ex. A").) Defendants TMC

---

[1] Throughout this Order, pin citations refer to the CM/ECF pagination stamped at the top of each page.

and Hill then filed a motion to dismiss Plaintiff's original Complaint, which the Court granted, giving Plaintiff leave to amend. (2021 Order at 3; *see* ECF No. 48.)

Plaintiff filed a First Amended Complaint, (*see* ECF No. 49 ("FAC")), which Defendants TMC, Hill, and Csende moved to dismiss, (*see* ECF No. 52). The Court granted Defendants' motion, finding the Court lacked personal jurisdiction over those Defendants. (2021 Order at 5–10.) The Court again granted Plaintiff leave to amend. (*Id.* at 15.)

Plaintiff subsequently filed a Second Amended Complaint, removing Defendants Hill and Csende as parties and seeking to cure the deficiencies in the prior complaint. (*See* ECF No. 63 at 2–3.) Defendant TMC again moved to dismiss. (*See* ECF No. 65.) The Court granted Defendant TMC's motion, this time with prejudice, finding Plaintiff had failed to establish personal jurisdiction because the Second Amended Complaint's only substantive addition touching on the jurisdictional analysis did not impact the Court's analysis. (2022 Order at 4.) The Court also reserved ruling on any attorneys' fees request until Defendants filed the requisite motion. (*See id.* at 5.)

Based on the Court's orders dismissing Defendants TMC, Hill, and Csende, defense counsel emailed the Court proposed judgments as to those Defendants. (*See* ECF No. 79 at 4.) Plaintiff objected to Defendants' proposed judgments, and the Court ruled on those objections, overruling all but one and stating that the Court would enter final judgments by separate orders on behalf of Defendants TMC, Hill, and Csende. (*Id.* at 4–7, 12.)

Prior to the Court entering the separate final judgments, Defendants TMC, Hill, and Csende filed the instant Motion for Attorneys' Fees. (*See generally* Mot.; Docket.) Plaintiff then filed an Opposition. (*See generally* Opp'n.) The Court subsequently entered final judgments in favor of Defendants TMC, Hill, and Csende pursuant to Federal Rule of Civil Procedure 54, stating, "There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure," and, "This Court shall retain jurisdiction to entertain an attorneys' fees and costs motion pursuant to Federal Rule of Civil Procedure 54(d)." (ECF

No. 98 at 2; ECF No. 99 at 2.) Further, the Court deemed Defendants' preemptively filed Motion timely, rather than require them to refile the same Motion given the procedural history of the case. (*See* ECF No. 100.)

Through the instant Motion, Defendants TMC, Hill, and Csende seek attorneys' fees as the prevailing party under Federal Rule of Civil Procedure 54(d) and Washington state law. (*See* Mot. at 3, 6.) They request a total of $40,186.01 in attorneys' fees. (*Id.* at 10–11.) Defendants also contend the amount of fees requested should be awarded against Plaintiff's counsel, Dena Gappy, under 28 U.S.C. § 1927, for allegedly proceeding in this case unreasonably and vexatiously. (*Id.* at 12.)

## LEGAL STANDARD

The "American Rule" provides that each party must bear the cost of its attorneys' fees regardless of the outcome of the litigation. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975), *superseded by statute on other grounds*, Civil Rights Attorney's Fees Award Act of 1976, Pub. L. No. 94-559, 90 Stat. 2641. As a general matter, prevailing litigants are only entitled to collect attorneys' fees where there is explicit statutory authorization or a binding contractual provision providing for such awards. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007); *Key Tronic Corp. v. United States*, 511 U.S. 809, 814–15 (1994).

Pursuant to Federal Rule of Civil Procedure 54, if a court directs entry of final judgment as to one or more defendants, but fewer than all of them, finding no just reason for delay in entry of judgment, the prevailing party may file a motion for attorneys' fees. *See* Fed. R. Civ. P. 54(b), (d). Rule 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." *Id.* at 1281 (citation omitted). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such an award." *Id.* (citation omitted). With respect to costs other than attorneys' fees,

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1).

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016). "District courts generally start by applying the 'lodestar method,' i.e., multiplying 'the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" *Id*. (citation omitted). "The district court 'may then adjust [the lodestar] upward or downward based on' twelve factors identified in [*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)]," the most critical of which is the degree of success obtained.[2] *Klein*, 810 F.3d at 698 (citation omitted).

The party seeking attorneys' fees "bears the burden of submitting evidence of the hours worked," "the rate paid," and that "the rate charged is in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (citation and internal quotation marks omitted); *see Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from [an] initial fee calculation hours that were not 'reasonably expended.'" *Id*. at 434.

///

---

[2] "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3, *superseded by statute on other grounds*, Prison Litigation Reform Act, 42 U.S.C. § 1997e.

In addition, 28 U.S.C. § 1927 states, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Section 1927 sanctions require a bad faith finding." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).

## ANALYSIS

Defendants argue they are entitled to attorneys' fees as the prevailing parties in this dispute related to a convertible security contract governed by Washington state law between Plaintiff and Defendant TMC. (Mot. at 3, 6–9.) Defendants seek attorneys' fees for Defendants TMC and Hill's prior attorney, Craig Alexander, who provided legal services for them between March and June 2020. (*Id.* at 10.) They seek to recover $21,930.00 for Mr. Alexander's legal services, which is 75% of the lodestar amount they calculated ($29,240.00 based on 73.1 hours billed at $400/hour). (*Id.*) They also seek attorneys' fees for their current counsel, Ms. Hong and Garcia Hong Law APC, seeking to recover $18,256.01—75% of the lodestar amount they calculated ($24,341.35 based on 61.9 hours at varying hourly rates). (*Id.* at 11.) In total, they seek $40,186.01.[3] (*Id.*) Defendants also contend Plaintiff's attorney, Ms. Gappy, should be responsible for paying the attorneys' fees requested pursuant to 28 U.S.C. § 1927.

Plaintiff asks the Court to summarily deny Defendants' Motion in its entirety, arguing that they failed to meet and confer on the Motion as required by the Court's Civil Standing Order. (*See* Pl.'s Suppl. Brief at 2–7.) As for the Motion's merits, Plaintiff conceded at the hearing that Washington law[4] applies to this case and that the three moving

---

[3] Defendants request 75% of Garcia Hong Law APC's fees because that firm also represented Defendant Vivian Szakacs, but only Defendants TMC, Hill, and Csende are requesting attorneys' fees. (*See* ECF 91-1 ("Hong Decl.") ¶ 8.)

[4] The contract at issue between Plaintiff and Defendant TMC states, "This Convertible Security and *all actions arising out of or in connection with this Convertible Security shall be governed by and*

Defendants are the prevailing parties.[5] (*See* ECF No. 110.) Relying on Washington law, Plaintiff argues Defendants are attempting to recover attorneys' fees they never incurred from Mr. Alexander, (Opp'n at 11–14), and Defendants' total attorneys' fees claimed for Ms. Hong's legal services are not reasonable, (*id.* at 14–17).[6] In his supplemental briefing, Plaintiff further argues that because Defendants Hill and Csende were not parties to the contract on which Defendants' Motion is based, those Defendants must also show they actually incurred or paid Ms. Hong's legal fees.[7] (Resp. to Suppl. Decls. at 6, 8.) Finally, Plaintiff argues that his attorney, Ms. Gappy, has proceeded reasonably in this case and, therefore, an award under 28 U.S.C. § 1927 is not justified. (Opp'n at 17–18.)

/ / /

/ / /

/ / /

---

*construed in accordance with the laws of the State of Washington*." (SAC Ex. A at 33 (emphasis added)). The contract also states, "If any action at law or in equity (including arbitration) is necessary to enforce or interpret the terms of this Conve[r]tible Security, *the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which such pa[r]ty shall be entitled*." (*Id.* (emphasis added).) And with regards to Defendants Hill and Csende, who are alleged principals of Defendant TMC and are not parties to the convertible security contract, Plaintiff sued these Defendants for breach of that contract, breach of fiduciary duty, and fraud related to the contract. (FAC ¶¶ 5–6, 70–97.) Plaintiff's claims against Defendants Hill and Csende were thus "in connection with" the contract such that Washington law applies to this dispute as it relates to these Defendants. (*See* SAC Ex. A. at 33.)

[5] "As used in [the relevant Washington Revised Code section,] 'prevailing party means the party in whose favor final judgment is rendered." Wash. Rev. Code § 4.84.330. Here, the Court entered a final judgment in favor of Defendants TMC, Hill, and Csende after it dismissed them from this action for lack of personal jurisdiction. (*See* ECF Nos. 98, 99.)

[6] Plaintiff also opposes Defendants' Motion in its entirety based on timeliness concerns, (*see* Opp'n at 5–11; Resp. to Suppl. Decls. at 10), but the Court has already deemed the Motion timely, (*see* ECF No. 100).

[7] While the Court could have deemed this argument waived since Plaintiff argued it for the first time in his Response to Defendants' supplemental briefing and because it is outside the scope of the allowed supplemental briefing, the Court instead chose to allow Defendants Hill and Csende to provide additional supplemental briefing on the issue. (*See* ECF No. 125 at 2.)

**I.    Whether the Court Should Summarily Deny Defendants' Motion Based on the Court's Meet-and-Confer Requirement**

Pursuant to Section III.A.1 of the Court's Standing Order on Civil Cases, before filing any motion, parties must "meet and confer in good faith to attempt to resolve the issue without involving the Court." The motion must then include a statement of compliance with this requirement. *See id.* The Court, in its discretion, may strike or summarily deny any motion that does not include a statement of compliance. *Id.*

Here, Plaintiff argues in his supplemental briefing that Defendants failed to comply with this meet-and-confer requirement as a condition precedent to filing their Motion and the Motion did not include a statement of compliance. (Pl.'s Suppl. Brief at 2–3.) Plaintiff explains that, before Defendants filed their Motion, his counsel asked their counsel about the legal authority underpinning their Motion. (*Id.* at 5.) Defense counsel responded that Defendants would address the grounds for attorneys' fees in the Motion and that the Court had already stated it would consider a fee motion. (*Id.*; *see also* ECF No. 114-2 at 4.) Plaintiff argues this response shows Defendants refused to meet and confer about the Motion. (Pl.'s Suppl. Brief at 5.)

Defense counsel contends she did meet and confer with Plaintiff's counsel about Defendants' intention to file a motion for attorneys' fees, even if not directly. (Hong Suppl. Decl. ¶ 2.) She explains that in their earlier moving papers seeking to dismiss Plaintiff's prior Complaint, Defendants also requested attorneys' fees under Federal Rule of Civil Procedure 54(d), putting Plaintiff on notice of the request. (*Id.*) Defendants also emailed the Court and Plaintiff's counsel with proposed judgments dismissing the Complaint against them, which included language stating the Court would retain jurisdiction to entertain a motion for attorneys' fees. (*Id.* ¶¶ 2, 4.) Defense counsel explains that Plaintiff objected to the proposed orders but did not object to the inclusion of the language allowing the Court to retain jurisdiction to entertain an attorneys' fees motion. (*Id.* ¶ 4.) Later, Plaintiff's counsel advised defense counsel that Plaintiff intended to pursue the matter in Washington but was interested in informal resolution of the case. (*Id.* ¶ 7; *see* Hong Suppl.

Decl. Ex. D at 18.) In response, defense counsel noted that Defendants had made a settlement demand that included resolution of attorneys' fees and invited Plaintiff to respond. (Hong Suppl. Decl. ¶ 8; *see* Hong Suppl. Decl. Ex. E at 20.) Plaintiff then accepted the settlement demand from Defendant Szakacs only, which included a mutual waiver of attorneys' fees and costs. (Hong Suppl. Decl. ¶ 9; *see* Hong Suppl. Decl. Ex. F at 24.) Defendants TMC, Hill, and Csende were unable to settle including any issue relating to attorneys' fees. (Hong Suppl. Decl. ¶ 9; *see* Hong Suppl. Decl. Ex. G at 28.)

Plaintiff asserts that counsels' conversations about settlement discussions were not meaningful meet and confers on the legal basis for Defendants' Motion and were instead focused on the remaining issues in the case that could arise if Plaintiff brought the case in Washington. (Pl.'s Suppl. Brief at 6–7.) As such, Plaintiff asks the Court to exercise its discretion to summarily deny Defendants' Motion. (*Id*. at 7–8.)

The Court declines to do so. While the Court does not condone defense counsel's lack of an official meet-and-confer on the Motion and the failure to include a statement of compliance with Section III.A.1 of the Court's Standing Order for Civil Cases, the record shows Plaintiff was on notice of the Motion for quite some time and the Parties were able to resolve the issue as it relates to Defendant Szakacs. The Court specifically retained jurisdiction to entertain a motion for attorneys' fees in both its order granting TMC's motion to dismiss and in the Final Judgments in the case. (ECF No. 72 at 5; ECF No. 98 at 2; ECF No. 99 at 2.) While the Court would have preferred a more formal meet and confer on the Motion, and full compliance with the Court's Standing Order for Civil Cases, the Court finds summary denial of the Motion unwarranted at this time.

## II.   Whether Defendants are Entitled to Seek Attorneys' Fees

As to the merits of their Motion, Defendants assert that Washington state law "expressly allows the prevailing party in a contract dispute to recover attorneys' fees if the contract so allows." (Mot. at 6 (citing Wash. Rev. Code § 4.84.330).) Defendants also contend based on the Court's entry of final judgment in their favor that they are prevailing parties under the contract. (*Id*. at 6–9.) Defendants Hill and Csende explain that, even

though they are not listed as parties to the contract, they are entitled to recover attorneys' fees because, "[w]here a contract is central to the existence of the claims at issue and the dispute arises from the agreement, the Washington fee statute can be applied to a non-party to the contract." (*Id*. at 8–9.)

Plaintiff does not dispute these assertions. (*See* Opp'n.) In fact, Plaintiff conceded the first two points at the hearing on Defendants' Motion, *see supra* pp. 6 & n.4, 7 & n.5, and then conceded in his supplemental briefing that Defendants Hill and Csende, as non-parties to the contract, can recover attorneys' fees under Revised Code of Washington § 4.84.330. (*See* ECF No. 110; Resp. to Suppl. Decls. at 6 (stating that to recover attorneys' fees, "Hill (a non-party to the contract upon which the attorney fees claim is based) must rely on the Revised Code of Washington RCW 4.84.330" (original formatting omitted).)

Revised Code of Washington § 4.84.330 states:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

As such, Washington law allows for attorneys' fees to be awarded to the prevailing parties in this instance. Accordingly, the Court must determine whether Defendants sufficiently demonstrated that they incurred the attorneys' fees they request and, if so, whether those requested fees are reasonable in this case.

**III. Whether Defendants Have Shown They Incurred the Fees Requested**

As noted, Defendants seek a total attorneys' fee award of $40,186.01: $21,930.00 for the legal services provided by their prior attorney and $18,256.01 for the legal services provided by their current counsel, including counsel's support staff. (Mot. at 10–11.) Plaintiff argues that Defendants have failed to show evidence that they incurred the fees billed by their prior counsel, (Opp'n at 11–14), and have failed to provide evidence that they incurred or paid the fees billed by Garcia Hong Law APC, (Resp. to Suppl. Decls. at

6, 8).) Plaintiff contends the latter is fatal to Defendants Hill and Csende's Motion as it relates to the fees billed by Ms. Hong's law firm.[8] (*Id.* at 8.)

### A. Mr. Alexander's Attorneys' Fees

Quoting Revised Code of Washington § 4.84.330's provision that a prevailing party is entitled to attorneys' fees that "are incurred to enforce the provisions" of a contract, Plaintiff contends that Defendants' prior attorney, Mr. Alexander, declared that his "invoices were only sent to certain Defendants specifically including . . . Defendant D. Christopher Keil and non-party George Yerall an officer or director of Predictuv, LLC and Predictuv's corporate counsel Mr. Jason Head." (Opp'n at 12 (original formatting omitted).) As such, Plaintiff argues that Defendants TMC, Hill, and Csende never incurred any of Mr. Alexander's attorneys' fees and are thus not entitled to recover any of those fees. (*Id.* at 13.) The Court allowed supplemental briefing on this issue and in his Supplemental Declaration, Defendant Hill includes two sentences relevant to this issue: (1) "I can authenticate that the [exhibits attached to the Motion] are accurate and true of the invoices and time billed to us by Mr. Alexander"; and (2) "I along with [Defendants TMC, Csende, and Szakacs] have paid Mr. Alexander and his firm $4,500 in attorneys fees." (Hill Suppl. Decl. ¶¶ 5–6.) Plaintiff contends that Defendant Hill's added statements do not provide sufficient support for the Court to conclude Defendants incurred any of Mr. Alexander's fees. (*See* Resp. to Suppl. Decls. at 6–8.)

Plaintiff is correct. As is relevant to the instant Motion, in September 2020, Mr. Alexander moved to withdraw as the counsel of record for Defendants TMC and Hill and various other Defendants not at issue here. (*See* ECF No. 35.) Attached to Mr. Alexander's withdrawal motion was a declaration that he signed discussing issues he was having in representing those Defendants, (*see* ECF No. 35-1, "Alexander Decl."), along with exhibits showing to which Defendants Mr. Alexander sent his invoices, (*see*

---

[8] Plaintiff does not make the same argument with regards to Defendant TMC. (*See* Resp. to Suppl. Decls. at 6, 8.)

ECF No. 35-2). Of note, these exhibits show that the invoices were only sent to Niall Lawlor, George Yerrall, Chris Keil, and Jason Head. (*See* ECF No. 35-2 at 4, 7.)

In his motion to withdraw, Mr. Alexander stated, "On or about March 17, 2020[,] Craig P. Alexander . . . w[as] retained to represent TMC and Hill. As part of the Fee Agreement . . . , Defendants promised to timely pay all of Attorney's invoices." (ECF No. 35 at 5.) Mr. Alexander further explained that on May 1, 2020, and June 1, 2020, Mr. Alexander submitted invoices only to certain Defendants he was representing. (*Id*. at 7.) Mr. Alexander had several discussions with the recipients of the invoices when they remained unpaid. (*Id*.) Specifically, in his declaration attached to the withdrawal motion, Mr. Alexander stated,

> On or about May 1, 2020 I submitted, on behalf of my law firm, the invoice for services for the work performed for the various . . . Defendants during the month of April 2020. *By prearrangement . . . my invoices were only sent to certain Defendants specifically including Specially Appearing Defendant D. Christopher Keil and non-party George Yerrall an officer or director of Predictuv, LLC and Predictuv's corporate counsel Mr. Jason Head*. I had several discussions with Mr. Keil and Mr. Yerrall and others regarding this invoice.
>
> . . .
>
> Over the next several weeks I had discussions with Mr. Keil, Mr. Yerrall, Mr. Jason Head and one other Predictuv officer/director regarding the unpaid invoices.

(Alexander Decl. ¶¶ 15, 17 (emphasis added).)

Given Mr. Alexander's statements and the exhibits attached to his motion to withdraw, it appears Defendants TMC and Hill did not incur any fees from Mr. Alexander. The invoices from Mr. Alexander that Defendants attached to their Motion do not show who the invoices were sent to—in fact, Defendants redacted the names of the recipients. (*See* ECF No. 91-1 at 5, 10, 22, 27.) Defendant Hill's conclusory statements that Defendants incurred Mr. Alexander's fees and that they paid $4,500 do nothing to address this issue. (*See* Hill Suppl. Decl. ¶¶ 5–6.) These conclusory statements, without further explanation in light of the contradictory evidence and with no documentary evidence that

would not have been difficult to obtain—for example, a receipt of payment, a showing that the invoice was sent to Defendants, a copy of any fee agreement between Mr. Alexander and Defendants, or a declaration from Mr. Alexander that Defendants incurred his fees— do not entitle Defendants to recover Mr. Alexander's fees, especially in the amount of $21,930.00.[9]  Defendants TMC and Hill fail to provide sufficient support to show they meet the requirements of the Washington statute under which they claim entitlement to Mr. Alexander's fees.  *See* Wash. Rev. Code § 4.84.330 (discussing prevailing party's entitlement to "attorneys' fees and costs, *which are incurred* to enforce the provisions of such contract or lease" (emphasis added)).  The Court therefore **DENIES** Defendants TMC and Hill's request to recover attorneys' fees for Mr. Alexander's legal services.  The Court also **DENIES** Defendant Csende's request to recover attorneys' fees for Mr. Alexander's legal services, (*see* Mot. at 10), because Mr. Alexander never represented Defendant Csende in this action, (*see generally* Docket; Alexander Decl. ¶ 1), a fact Defendants never address.

### B.   Ms. Hong's Attorneys' Fees

In response to Plaintiff's argument that Defendants failed to provide evidence that they incurred or paid the fees billed by Garcia Hong Law APC and in response to the Court's Order Requesting Additional Briefing, Defendants filed supplemental briefing explaining, in relevant part, that they have incurred the attorneys' fees they request as outlined in their billing statements. (*See* ECF No. 126 at 6; ECF No. 126-1 at 2; ECF No. 126-3 at 3.)  Specifically, Defendant Hill declares,

> From July 2020 to the present, the individually named defendants have paid for the attorneys' fees and costs to our second attorneys at Garcia Hong Law. I have paid Garcia Hong Law directly, and Ms. Szakacs and Mr. Csende have reimbursed me for some amounts and/or I will be reimbursed from them. After Vivien Szakacs settled her case with Plaintiff, she has stopped paying

---

[9]  This failure to provide nonconclusory evidence to rebut Mr. Alexander's declaration is significant because the Court gave Defendants the opportunity to provide supplemental briefing on this issue since it was not addressed in their initial moving papers.  (ECF No. 110.)

> for attorneys' fees and costs to Garcia Hong Law.  She is not a party to the motion for attorneys' fees and costs, and we are not seeking her fees.

(ECF No. 126-1 at 2.)  Defendant Hill further declares that he and Defendant Csende are "currently on a monthly payment plan and paying the monies owed to Garcia Hong Law." (*Id*. at 3.)  Ms. Hong, as an officer of this Court, has confirmed through a sworn declaration that "[t]he individual defendants Kelvin Hill and Zsolt Csende have paid [her] attorneys' fees and costs for themselves and the company." (ECF No. 126-2 at 3.)  She explains that the individual Defendants "have been advancing the fees and costs for The Movement Technology Company, Inc. because the entity has no assets, income, or revenue" and that her firm is "currently accepting payments on a monthly payment plan." (*Id.*)

Unlike Defendant Hill's prior declaration regarding Mr. Alexander's fees, Defendant Hill's new declaration and Ms. Hong's declaration are sufficient for the Court to find Defendants incurred Garcia Hong Law APC's attorneys' fees.  These declarations do not suffer from the same deficiencies as Defendant Hill's other declaration regarding Mr. Alexander's attorneys' fees for two reasons: (1) there is no evidence contradicting these declarations, and (2) Ms. Hong's declaration bolsters Defendant Hill's declaration.  The Court thus finds Defendants have presented sufficient evidence that they incurred Garcia Hong Law APC's attorneys' fees.

**IV.   Whether Garcia Hong Law APC's Requested Attorneys' Fees are Reasonable**

Defendants seek $18,256.01 in attorneys' fees for their current counsel (Garcia Hong Law APC) based on 61.9 hours expended, most of which were billed at Ms. Hong's rate of $450 per hour, with a 25% reduction of the lodestar amount. (Mot. at 11.)  Plaintiff argues that, to the extent the Court is inclined to grant any attorneys' fees in this case, Defendants' claimed fee award for their present counsel must be reduced because Ms. Hong does not justify the hourly rate sought and she has billed in excess of actual time spent on tasks. (Opp'n at 14–17.)  Specifically, Plaintiff suggests that Ms. Hong should not be able to recover $450/hour because Ms. Hong has allegedly presented inflated bills and because

/ / /

Mr. Alexander only charged $400/hour. (*Id*. at 14.) Plaintiff also argues that certain billing entries must be stricken or taxed because they are inflated. (*Id*. at 15–16.)

As for a reasonable hourly rate, Defendants state that Ms. Hong, who has seventeen years of experience, has previously been awarded $550/hour in similar cases, (Mot. at 11; Hong Decl. ¶ 6), and they argue other attorneys in this District have been awarded $450/hour as a reasonable hourly rate, (Reply at 5 (citing *Patrick v. Hewlett-Packard Co. Emp. Benefits Org. Income Prot. Plan*, No. 06-CV-1506-JMA (McC), 2009 WL 10672184, at *3 (S.D. Cal. Sept. 14, 2009)). Defendants also point to the USAO Attorney's Fees Matrix from 2015–2021, which shows that between 2020 and 2021, attorneys with sixteen to twenty years of experience had an hourly rate of $591 in the District of Columbia. (Reply at 5; ECF 101-1 at 4.) Courts have relied on this data in determining what constitutes an hourly rate. *See Lehman Bros. Holdings, Inc. v. PMC Bancorp*, No. LA CV10-07207 JAK (PJWx), 2017 WL 11634506, at *7 (C.D. Cal. Oct. 11, 2017) ("The most recent version of the *Laffey* matrix is titled the 'USAO Matrix.' Courts have relied on prior versions of the *Laffey* matrix to determine whether proposed hourly rates are reasonable [with adjustments to the local area]."). Based on the information Defendants provided, the Court finds that Ms. Hong's rate of $450/hour is reasonable for the San Diego area.

Defendants also seek to recover fees for the work performed by other attorneys and support staff at Garcia Hong Law APC. (*See* ECF 91-1 at 30–34; Hong Suppl. Decl. ¶¶ 17–24.) In their supplemental briefing, Defendants provide relevant information for each person, including their work experience and schooling. (*See* Hong Suppl. Decl. ¶¶ 17–24.) Further, Plaintiff does not argue that the hourly rates claimed by the other attorneys and support staff at Garcia Hong Law APC are unreasonable. (*See generally* Opp'n; *see also* Resp. to Suppl. Decls. at 11.) Based on the information provided, the Court finds that the following rates are reasonable: (1) $300.00/hour for Pauline Villanueva (former associate

/ / /

/ / /

attorney);[10] (2) $350/hour for Lou Segreti (former Of Counsel); (3) $310/hour for Coleman Alguire (associate attorney); (4) $90/hour for Laura Gonzalez (former intern and legal assistant); (5) $90/hour for Maria Davis (paralegal); and (6) $90/hour for Diana Laranang (Law Clerk/Case Manager). (*See* Hong Suppl. Decl. ¶¶ 17–24.)

As for the reasonable number of hours expended on this case, Plaintiff contends the Court should reduce any fee award by 50% to 75% because several of Ms. Hong's billing entries are unwarranted. (*See* Opp'n at 15–17 (describing eight billing entries Plaintiff believes should be stricken or taxed). With Plaintiff's argument in mind, and through the Court's own review of the billing entries from Garcia Hong Law APC, (*see* ECF No. 91-1 at 30–34), the Court reduces the number of hours requested as shown in the table below. The Court's determination of reasonable hours accounts for the fact that some billing entries either provided inadequate explanations, only involved work done for Ms. Szakacs (who is not a party to the instant Motion), or appear slightly inflated based on Plaintiff's recollection of the facts:

| **HOURS** | **RATE** | **TOTAL** |
|---|---|---|
| 2.6 | $90/hour | $234.00 |
| 6.8 | $300/hour | $2,040.00 |
| 1.5 | $310/hour | $465.00 |
| 9.2 | $350/hour | $3,220.00 |
| 38.5 | $450/hour | $17,325.00 |
|  | **TOTAL FEES:** | $23,284.00 |

---

[10] One of the billing entries for Pauline Villanueva in October 2021 includes 0.4 hours billed at $375 per hour. (*See* ECF No. 91-1 at 31.) But Defendants do not explain why Ms. Villanueva's hourly rate should be $375 per hour when her first three billing entries in June and September of 2021 and a subsequent entry in December 2021 were all billed at $300. (*See id*. at 31–32.) Defendants do not support the increase to $375 per hour or address why that increase was made and subsequently decreased again. The Court thus allows Ms. Villanueva's 0.4 hours billed in October 2021 to be billed at $300 per hour.

The Court then reduces this amount by 25% to $17,463.00 because, while Ms. Hong's billing entries include her representation of four total Defendants, only three of them are part of this Motion.

Plaintiff does not argue, nor does the Court find, that further adjustments are warranted considering the *Hensley* factors. Notwithstanding Defendants' request, (*see* ECF 91-1 at 30), the Court declines to add the cost of the legal fee incurred for the substitution of counsel forms Defendants used ($12.35) because costs—as opposed to attorneys' fees—must be sought through a different procedure. *See* Fed. R. Civ. P. 54(d)(1). Accordingly, the total amount the Court awards to Defendants for Garcia Hong Law APC's services is **$17,463.00**.

### V. Whether Plaintiff's Counsel Should be Responsible for the Attorneys' Fees Requested Pursuant to 28 U.S.C. § 1927

Defendants argue that Plaintiff's counsel "repeatedly asserted the same flimsy basis for personal jurisdiction in essentially copy-cat pleadings before the Court," such that Plaintiff's counsel, Ms. Gappy, should be sanctioned under 28 U.S.C. § 1927 and should be held responsible for the fees requested above. (Mot. at 12.) Defendants contend that Plaintiff's repetitive claims against them were unreasonable and meritless. (*Id.*) They further argue Plaintiff acted in bad faith by dragging Defendants to his home state for his own convenience and then filing a Second Amended Complaint against TMC despite the Court having already ruled that it lacked personal jurisdiction over TMC. (Reply at 7.)

Plaintiff responds that his counsel timely filed each amended complaint based on the Court's Orders and implemented revisions based on the same. (Opp'n at 17.) He argues that Defendants cannot claim attorneys' fees for their "detailed analysis of the allegations of each complaint" on the one hand and then claim that each complaint was a "copy-cat" of the others. (*Id.*) Plaintiff contends this is disingenuous and amounts to a "back-door attempt to recover attorney fees." (*Id*. at 17–18.)

Section 1927 requires a showing of bad faith, which "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the

purpose of harassing an opponent." *W. Coast Theater Corp.*, 897 F.2d at 1528 (citation omitted); *see Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (bad faith includes an attorney multiplying the proceedings in a case "unreasonably" and "vexatiously"); *Raya v. Barka*, No. 3:19-cv-2295-WQH-AHG, 2022 WL 17905528, at *1 (S.D. Cal. Dec. 23, 2022) ("Before a party can recover excess costs under § 1927, the court must find that the attorney created 'needless proceedings' or 'prolonged litigation,' and that 'the conduct was vexatious as well as unreasonable.'" (citation omitted)).  Section 1927 sanctions may be warranted when an attorney files "an amended complaint that [does] not materially differ from one which the district court . . . already concluded did not state a claim, and . . . continually mov[es] for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind." *Wages*, 915 F.2d at 1235.  But "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass.  Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Here, the Court dismissed Plaintiff's original Complaint against Defendants TMC and Hill for lack of personal jurisdiction.[11]  (*See* ECF No. 48.)  The Court found Plaintiff had not shown that the Court had general personal jurisdiction over those Defendants and that Plaintiff had failed to meet the first prong necessary to show specific personal jurisdiction.  (*Id.* at 8–13.)  The Court did, however, grant Plaintiff leave to amend.  (*Id.* at 13.)  Plaintiff filed his First Amended Complaint, (*see* FAC), and the Court subsequently dismissed it against Defendants TMC, Hill, and Csende, for lack of personal jurisdiction, (*see* 2021 Order).  The Court again found that it lacked general jurisdiction over Defendants and that it lacked specific jurisdiction over Defendants Hill and Csende, despite Plaintiff's

---

[11]    Defendant Csende did not move to dismiss the original Complaint.  (*See* ECF No. 48 at 2; *see also* Docket.)

added allegations. (*Id*. at 5–6, 9–10.) The Court also found that the First Amended Complaint sufficiently met the first prong of the specific jurisdiction analysis as to Defendant TMC but that it failed to meet the second prong. (*Id*. at 8–9.) The Court again gave Plaintiff an opportunity to amend. (*Id*. at 15.) Plaintiff then filed a Second Amended Complaint that dropped Defendants Hill and Csende from the case. (*See* ECF No. 63.) Plaintiff added one allegation about personal jurisdiction, but the Court found that it did not impact its analysis—the Court still lacked personal jurisdiction over Defendant TMC. (ECF No.72 at 4.) The Court thus dismissed Plaintiff's Second Amended Complaint against Defendant TMC with prejudice. (*Id*.)

Plaintiff's counsel's numerous unsuccessful attempts to show the Court had personal jurisdiction over Defendants TMC, Hill, and Csende, while not necessarily prudent or well thought through, are not per se vexatious. After the Court dismissed the initial Complaint, Plaintiff's counsel added factual allegations that, while still unsuccessful at showing personal jurisdiction, were not frivolous. And in filing the Second Amended Complaint, Plaintiff dropped Defendants Hill and Csende from the case. So the question is whether Plaintiff's counsel's submission of the Second Amended Complaint with only one added factual allegation about the Court's personal jurisdiction over Defendant TMC was unreasonable and vexatious such that Plaintiff's counsel acted in bad faith. Given that the Court gave Plaintiff leave to file a Second Amended Complaint and Plaintiff did add one allegation, the Court finds there is insufficient evidence that Plaintiff's counsel acted in bad faith even though more strategic lawyering could have been done. The Court thus **DENIES** Defendants' request to sanction Plaintiff's counsel under 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Attorneys' Fees (ECF No. 91). Specifically, the Court **DENIES** Defendants' request to recover attorneys' fees relating to Mr. Alexander's legal services, **GRANTS IN PART** Defendants' request to recover attorneys' fees for Garcia Hong Law

///

APC's work and awards Defendants attorneys' fees in the amount of **$17,463.00**, and **DENIES** Defendants' request for § 1927 sanctions against Plaintiff's counsel.

    **IT IS SO ORDERED.**

Dated: June 2, 2023

_____
Honorable Todd W. Robinson
United States District Judge